UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21106-KMM

AMALIA H. MORRISSEY and
GEORGE E. MORRISSEY,

       Plaintiffs,

v.

SUBARU OF AMERICA, INC.,
FUJI HEAVY INDUSTRIES, LTD., and
BIRD ROAD MOTORS, INC.,
a Florida municipal corporation,

       Defendants.
                                              /

**ORDER GRANTING PLAINTIFFS' MOTION TO STAY ALL PROCEEDINGS**

THIS CAUSE is before the Court on Plaintiffs Amalia and George Morrissey's Motion to Stay All Proceedings Pending Resolution of Defendant Subaru of America, Inc.'s Motion to Dismiss in a Related Case in the Virgin Islands (ECF No. 21). Defendant Subaru of America, Inc. filed a Response (ECF No. 24-1), and Plaintiffs Amalia and George Morrissey filed a Reply (ECF No. 26). The matter is now ripe for review. For the reasons that follow, the Motion to Stay is GRANTED.

**I.    BACKGROUND**

This is a products liability action stemming from an automobile accident on St. Thomas, U.S. Virgin Islands. Compl. ¶¶ 9–15. The Morrisseys allege they were injured when their 2006 Subaru Forrester suddenly accelerated and crashed into a stone fence. Id. ¶ 14. The incident left Plaintiff Amalia Morrissey paralyzed. Id. ¶ 15. The vehicle was manufactured by Defendant Fuji Heavy Industries, Ltd. ("Fuji"), marketed and distributed by Defendant Subaru of America,

1

Inc. ("Subaru"), and first sold in a consumer transaction by Defendant Bird Road Motors, Inc. ("Bird Road Motors"). Id. ¶¶ 9–10.

The Morrisseys sued Fuji and Subaru in the United States District Court of the Virgin Islands for personal injuries based on the vehicle's defective condition.[1] See Mot. to Stay at 2 (ECF No. 21). Subaru has moved to dismiss that matter for lack of personal jurisdiction. Id. The motion has been fully briefed and remains pending. Id.

In response to the motion to dismiss, the Morrisseys sought to conduct jurisdictional discovery on the issue of whether Subaru is subject to personal jurisdiction in the Virgin Islands. Id. The district court granted the Morrisseys' request, ordering limited discovery in the form of twenty-five interrogatories, with leave to apply for additional discovery based on the responses received. See Order on Pl.'s Motion to Serve Follow-up Jurisdictional Discovery (VI ECF No. 72).[2] The Virgin Islands court has since ordered additional discovery. See id.

Fuji, on the other hand, moved to transfer venue to the United States District Court for Middle District of Florida, Tampa Division, claiming that the Virgin Islands is an inconvenient forum. See Mot. to Stay All Proceedings at 2. That motion, too, has been fully briefed and remains pending. Id.

The statute of limitations in the Virgin Islands for personal injury actions is two years. Id. Because the statute was set to expire on March 22, 2015, and because the Virgin Islands district court had not yet determined whether it has jurisdiction over Subaru, the Morrisseys filed this action to preserve their claims. Id.

---

[1] The Virgin Islands case does not name Bird Road Motors as a defendant.
[2] Any reference to filings in the Virgin Islands case will be preceded with the initials "VI." The Court takes judicial notice of the public filings in that matter. See Fed. R. Evid. 201.

The Morrisseys now seek a six-month stay of all proceedings before this Court pending determination by the District Court of the Virgin Islands as to (1) whether it has personal jurisdiction over Subaru, and (2) whether the action against Fuji should be transferred to the Middle District of Florida.

## II.  DISCUSSION

The Morrisseys move to stay this action on the grounds of judicial economy. Subaru, however, opposes a stay, claiming that the proposed stay is too indefinite and thus "immoderate." After careful consideration, the Court finds that a stay is warranted, although not necessarily for six months.

### A.  Applicable Law

A variety of circumstances may justify a stay pending resolution of a related case in another court. Ortega Trujillo v. Conover & Co. Commc'ns, 221 F.3d 1262, 1264 (11th Cir. 2000). "Federal courts routinely exercise their power to stay a proceeding where a stay would promote judicial economy and efficiency." Cypress Chase Condo. Ass'n "A" v. QBE Ins. Corp., No. 10-61987-CIV, 2011 WL 1544860, at *5 (S.D. Fla. Apr. 15, 2011). That is especially so when the related matter is "likely to have a substantial or controlling effect on the claims and issues in the stayed case." Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist., 559 F.3d 1191, 1198 (11th Cir. 2009). The parties need not be the same or the issues identical to empower a court to stay a proceeding. Landis v. N. Am. Co., 299 U.S. 248, 254 (1936); see also Postel Indus., Inc. v. Abrams Group Constr., No. 6:11–cv–1179–Orl–28DAB, 2013 WL 1881560, at *3 (N.D. Fla. Mar. 29, 2013).

A district court, however, must properly limit the scope of the stay. Ortega, 221 F.3d at 1264. A stay must not be "immoderate." Id. (citing CTI–Container Leasing Corp. v. Uiterwyk

Corp., 685 F.2d 1284, 1288 (11th Cir. 1982)). "[A] stay is immoderate and hence unlawful unless so framed in its inception that its force will be spent within reasonable limits, so far at least as they are susceptible of prevision and description." Landis, 299 U.S. at 257.

### B. A Stay Is Warranted

The Court finds that a stay is appropriate in this case. It would promote judicial economy and efficiency by avoiding the litigation of issues that may become irrelevant or moot. The Virgin Islands court's decision to exercise jurisdiction over Subaru, or transfer the action against Fuji to the Middle District of Florida, could nullify many, if not all, of this Court's actions. In that regard, permitting this case to proceed would be a poor use of judicial resources.

The posture of the Virgin Islands litigation calls for a stay of these proceedings. A court may consider the progress of a related action in evaluating the lawfulness of a stay. See Ortega, 221 F.3d at 1264. In the Virgin Islands action, jurisdictional discovery is well underway, the parties have submitted a Joint Proposed Scheduling Plan, Fuji has served subpoenas, the Morrisseys and Fuji have made initial document productions, and a vehicle inspection was to take place last month. Of course, neither party knows when a ruling will be handed down, but the Virgin Island court's attention to the matter and concern for expediency has been well demonstrated.

In opposition of a stay, Subaru advances four main arguments, all of which fail. First, it cites the United States Court of Appeals for the Eleventh Circuit's decision in Ortega Trujillo v. Conover & Co. Commc'ns to argue that the proposed stay is immoderate, lacking "any parameters whatsoever." See Resp. in Opp'n to Pls.' Mot. to Stay at 10 (ECF No. 24-1). That case, however, is readily distinguishable. There the district court stayed all proceedings until the "Bahamian Courts conclude their review." Ortega, 221 F.3d at 1264. On appeal, the Eleventh

Circuit vacated and remanded the district court's stay order, concluding that the stay "seems indefinite" insofar as it "appears to expire only after a trial of the Bahamian case and the exhaustion of appeals in that case." Id. Here, by contrast, the Morrisseys have identified the specific resolution point that will terminate the stay: the Virgin Islands court's adjudication of the jurisdiction and change of venue issues. That is a far more definite and imminent end point than in Ortega.

Subaru also challenges a stay on the grounds of judicial economy. It claims that "Plaintiffs have not set forth any empirical basis, statistics, data, any evidence, and one scintilla of evidence that this Court has any type of docket control problems or management of case problems that are somehow exacerbated or created by denying Plaintiff's Motion to Stay and proceeding forward with the subject litigation." Resp. in Opp'n to Pls.' Mot. to Stay at 12. Subaru is misguided. Actual "docket control problems" is not required. It is enough, rather, that the stay promotes judicial economy. Staying these proceedings would do just that.

Subaru next argues that the Morrisseys' almost two-month delay in seeking a stay bars their current application. This position, however, fails the test of fact and scrutiny. Subaru cites no procedural rule, and the Court is aware of none, under which the Morriseys' motion is too late. To the contrary, the Morriseys have so far complied with this Court's deadlines, even in moving for a stay. The Morrisseys' motion is timely.

Lastly, Subaru posits that a stay is inappropriate because the two cases are not "completely identical." See Resp. in Opp'n to Pls.' Mot. to Stay at 3. Unsurprisingly, Subaru does not cite a single case in support of this proposition, as it is well-settled that a complete identity of neither parties nor issues is required for a stay. See, e.g., Landis, 299 U.S. at 254. The Court is satisfied the two cases here are sufficiently related.

### III.  CONCLUSION

A stay is appropriate in this case. Given the dispositive issues involved, the Virgin Islands litigation is likely to have a "substantial or controlling effect" on this matter. Judicial economy thus justifies a stay.

For the foregoing reasons, it is ORDERED AND ADJUDGED that Plaintiffs Amalia and George Morrissey's Motion to Stay All Proceedings (ECF No. 21) is GRANTED. This case is STAYED until the United States District Court of the Virgin Islands decides (1) whether it has personal jurisdiction over Subaru, and (2) whether the action against Fuji should be transferred to the United States District Court for the Middle District of Florida, Tampa Division. The parties must move to lift or otherwise modify the stay within seven days of a ruling by the Virgin Islands district court, with a report explaining how that court's actions bear on these proceedings.

The Clerk of Court is instructed to administratively CLOSE THIS CASE. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  24th  day of July, 2015.

                                                  K. MICHAEL MOORE
                                                CHIEF UNITED STATES DISTRICT JUDGE

cc:    All counsel of record