# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-21106-KMM

AMALIA H. MORRISSEY
and GEORGE E. MORRISSEY,

      Plaintiffs,

v.

SUBARU OF AMERICA, INC.,
FUJI HEAVY INDUSTRIES, LTD.,
and BIRD ROAD MOTORS, INC.,

      Defendants.

_____/

## ORDER GRANTING MOTION TO TRANSFER VENUE

Before the Court is Defendant Subaru of America, Inc.'s Motion to Transfer Venue to the

United States District Court for the Middle District of Florida, Tampa Division (ECF No. 11).

For the reasons that follow, the motion is granted.

## I.  BACKGROUND

This case arises from a car accident in St. Thomas, U.S. Virgin Islands, involving

Plaintiffs George E. Morrissey and Amalia H. Morrissey (collectively, the "Morrisseys" or

"Plaintiffs").  *See* Am. Compl. ¶¶ 9–15 (ECF No. 6).  The Plaintiffs allege they were injured

when their 2006 Subaru Forrester suddenly accelerated and crashed into a stone fence, leaving

Amalia Morrissey paralyzed.  *Id*. ¶¶ 14–15.  As a result of the accident, the Morrisseys brought

this action against Defendants Subaru of America, Inc. ("Subaru"), the U.S. distributor of the

vehicle; Fuji Heavy Industries, Ltd. ("Fuji"), the manufacturer of the vehicle; and Bird Road

Motors, Inc. ("Bird Road Motors"), an independent Florida dealership that first sold the vehicle

in a consumer transaction, although not to the Morrisseys[1] (collectively, the "Defendants").  *See id*. ¶¶ 8–10.   The six-count amended complaint asserts claims for negligent design and manufacture (Count One), negligent failure to warn (Count Two), strict liability (Count Three), breach of warranty (Count Four), negligence per se (Count Five), and loss of consortium (Count Six).  *See id*. ¶¶ 16–55.   As relief, the Plaintiffs seek past and future compensatory damages, punitive damages, attorney's fees and costs, and pre-judgment interest.  *Id*. at 12.

The Morrisseys filed virtually the same lawsuit against Subaru and Fuji, although not Bird Road Motors, in the United States District Court of the Virgin Islands.  (V.I. ECF No. 1).[2] There the district court granted Subaru's motion to dismiss for lack of personal jurisdiction, leaving Fuji as the sole remaining defendant in the case.  (V.I. ECF No. 93).   Fuji, for its part, has moved to transfer the Virgin Islands action to the United States District Court for the Middle District of Florida, Tampa Division.  (V.I. ECF No. 35).   A ruling on that motion is pending.

## II.   DISCUSSION

Subaru, like Fuji, moves to transfer this action from the Southern District of Florida to the Middle District of Florida, Tampa Division.   The Plaintiffs oppose transfer, hoping to keep the litigation in this district.   For the convenience of the parties and witnesses, and in the interest of justice, this Court finds that transfer to the Middle District of Florida, Tampa Division, is warranted.

---

[1] According to the amended complaint, Subaru originally sold the vehicle to Bird Road Motors in Miami, Florida.  Bird Road Motors then sold the vehicle to a resident of St. Thomas, U.S. Virgin Islands.   Ultimately, the Morrisseys purchased the vehicle from Caribbean Auto Mart, a St. Thomas dealership.  *See* Am. Compl. ¶ 11.

[2] The Court takes judicial notice of the docket entries in the Virgin Islands case, *Morrissey v. Subaru of Am., Inc.*, No. 3:14-cv-00084-CVG-RM (D.V.I. 2014), each reference to which is preceded by the initials "V.I." in this order.

A.     **Applicable Law**

28 U.S.C. § 1404(a), which governs the transfer of venue in federal diversity cases, provides in relevant part:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a).  The transfer of venue analysis is a two-step inquiry.  First, as a threshold matter, the alternative venue must be one where the plaintiff could have originally brought the action.  *Cellularvision Tech. & Telecomms, L.P. v. Alltel Corp.*, 508 F. Supp. 2d 1186, 1189 (S.D. Fla. 2007).  Second, the court determines whether transfer would serve the convenience of the parties and witnesses and the interest of justice by balancing several factors, including (1) the plaintiff's initial choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses; (4) the availability of process to compel the attendance of unwilling witnesses; (5) the relative ease of access to documents and discovery; (6) the financial impact of transfer on the parties; (7) each forum's interest in adjudicating the dispute; (8) the burden of jury duty on each forum's community; (9) the relative congestion of cases in the competing forums; and (10) each forum's familiarity with the governing law.  *See, e.g.*, *Manuel v. Convergys Corp.*, 430 F.3d 1132 n.1 (11th Cir. 2005); *Grail Semiconductor, Inc. v. Stern*, No. 12-60976-CIV, 2013 WL 2243961, at *2 (S.D. Fla. May 21, 2013).  This list is not exhaustive, but serves as a guide as to which factors may be relevant in a particular case.  *Cellularvision Tech. & Telecomms, L.P. v. Cellco P'ship*, No. 06-60666-CIV, 2006 WL 2871858, at *2 (S.D. Fla. Sept. 12, 2006).

The standard for transfer under Section 1404(a) gives broad discretion to the trial court, which will be overturned only for abuse of discretion.  *Alltel Corp.*, 508 F. Supp. 2d at 1188 (citations omitted).

**B.     The Plaintiffs Could Have Originally Brought This Action in the Middle District of Florida, Tampa Division**

This threshold issue is not in dispute.  The parties agree that the Plaintiffs could have originally brought suit in the Middle District of Florida, Tampa Division.  So, whether transfer is appropriate turns on the extent to which a change of venue would serve the convenience of the parties and witnesses and the interest of justice.

**C.     Transfer Would Serve the Convenience of the Parties and Witnesses and the Interest of Justice**

As shown below, after applying the factors listed above, the Court finds that transfer to the Tampa Division would best serve the convenience of the parties and witnesses and the interest of justice.

*i.     The Plaintiffs' Choice of Forum*

The Morrisseys's choice of forum is entitled to minimal deference.  Generally, a "plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations."  *Robinson v. Giarmarco & Bill, P.C.*, 74 F.3d 253, 260 (11th Cir. 1996).  But where a plaintiff chooses a forum other than the home forum, only minimal deference is required, and it is considerably easier to satisfy the burden of showing that other considerations make transfer proper.  *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 255–56 (1981); *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1375–76 (S.D. Fla. 2003).  It is undisputed that the Southern District is not the Plaintiffs' home forum.  At the time of the underlying car accident, the Morrisseys were living in the Virgin Islands, after which they moved to Riverview, Florida, located within the Tampa Division, and have resided there for nearly two years.  The Morrisseys's choice of forum only slightly disfavors transfer, if at all.

ii.     *The Convenience of the Parties*

For the parties, the Middle District is a far more convenient forum than the Southern District.  This is especially so for the Morrisseys.  The distance from Riverview to Tampa, where the Tampa Division courthouse located, is approximately twelve miles.  *See* MAPQUEST, http://classic.mapquest.com/maps?2c=tampa&2s=fl#ac948941bbdd71dd55179b9d  (last  visited Dec. 30, 2015).  By contrast, the distance from Riverview to Miami, where this courthouse is located, is approximately 250 miles.  *See id.*, http://classic.mapquest.com/maps?2c=tampa&2s =fl#ac948941bbdd71dd55179b9d  (last  visited  Dec.  30,  2015).    The  ease  of  travel  from Riverview to Tampa makes the Middle District a decidedly more convenient forum for the Plaintiffs, especially given Amalia Morrissey's physical condition.

The Defendants, on the other hand, likely would not be too inconvenienced by a change of venue.  Subaru concedes as much in its motion.  And while Bird Road Motors, located in Miami, might be inconvenienced by having to litigate in Tampa, the dealership appears to be a minor player in this case.  The Plaintiffs never sued Bird Road Motors in the Virgin Islands action, and the complaint filed in this case does not make a single separate or independent allegation against Bird Road Motors, except for two paragraphs claiming venue and jurisdiction over the dealership.  Lastly, it probably does not make much difference to Fuji, a Japanese corporation, where in Florida the case is litigated.

The convenience of the parties favors transfer.

iii.  *The Convenience of the Witnesses*

The  Middle  District  is  also  a  more  convenient  forum  for  the  witnesses.    The "convenience of non-party witnesses is an important, if not the most important factor in determining  whether  a  Motion  to  Transfer  should  be  granted."    *Cellco P'ship*, 2006 WL

5

2871858, at *3 (citation omitted).   The convenience of the witnesses is best served when witnesses are allowed to testify in the forum where they reside.  *See Am. Aircraft Sales Int'l, Inc. v. Airwarsaw, Inc.*, 55 F. Supp. 2d 1347, 1352–53 (M.D. Fla. 1999).  A review of the Plaintiffs' Rule 26 disclosures in the Virgin Islands case confirms the location of many witnesses within the Middle District.  (ECF No. 11-5).  Of the eighteen people or entities identified by name, twelve are located in the Middle District, while only one is located in the Southern District.  *Id*.  The convenience of the witnesses strongly favors transfer.

### iv.   The Availability of Process to Compel the Attendance of Unwilling Witnesses

Federal Rule of Civil Procedure 45(c) provides that a subpoena may command a person to attend a trial, hearing, or deposition within 100 miles of where the person resides, is employed, or regularly transacts business in person.  Fed. R. Civ. P. 45(c)(1)(A).  Because those witnesses residing in the Middle District live more than 100 miles from the courthouse in Miami, under Rule 45(c), they could not be compelled to give trial testimony in this district.  The ability to compel the attendance of unwilling witnesses favors transfer.

### v.   Relative Ease of Access to Documents and Discovery

In most cases today, including this one, technological advancements have rendered the physical location of documents and other types of proof virtually irrelevant.  *See, e.g.*, *Microspherix LLC v. Biocompatibles, Inc.*, No. 9:11-CV-80813-KMM, 2012 WL 243764, at *3 (S.D. Fla. Jan. 25, 2012) ("In a world with fax machines, copy machines, email, overnight shipping, and mobile phones that can scan and send documents, the physical location of documents is irrelevant.  In light of the burden a party moving for transfer bears, absent a showing by the moving party to the contrary, this Court considers the location of relevant documents and the relative ease of access to sources of proof a non-factor.").  The ease of access to relevant documents is a non-factor.

6

*vi.   Financial Impact of Transfer on the Parties*

The parties appear positioned financially to deal with a change of venue.  Given that the Plaintiffs live just minutes from the Tampa Division courthouse, transfer stands to benefit the Morrisseys.  The Defendants also are able to bear the costs of change.  Subaru and Fuji, of course, admit they can bear the costs by seeking transfer to the Middle District.  The Court assumes that Bird Road Motors can bear the costs as well, if only because it is subject to the general jurisdiction of the State of Florida and, therefore, must anticipate the possibility of defending itself anywhere in the state.  The parties' financial means favors transfer.

*vii.   Each Forum's Interest in Adjudicating the Dispute*

As between the two judicial districts, the Middle District has a greater interest in adjudicating this dispute.  Other than the presence of Bird Road Motors, a Miami car dealership, and the brief medical treatment Amalia Morrissey received in Miami before relocating to Tampa, the dispute simply has no connections to this forum.  The Middle District of Florida, on the other hand, is the forum to which the Morrisseys have relocated, and where the vast majority of the Amalia Morrissey's medical treatment has taken place.   The Middle District's interest in adjudicating this dispute strongly favors transfer.

*viii.   The Burden of Jury Duty on the Forum's Community*

Given the Southern District's minimal interest in adjudicating this dispute, it would be unfair to impose the burden of jury duty on this community.  "[T]he burden of jury duty 'ought not to be imposed upon the people of a community which has no relation to the litigation.'" *Ford v. Brown*, 319 F.3d 1302, 1307 (11th Cir. 2003).  A Southern District of Florida jury should not be burdened with hearing a case involving plaintiffs who do not reside here, did not purchase the allegedly defective vehicle here, and were not involved in the underlying car accident here. The burden of jury duty on this district's community strongly favors transfer.

7

    *ix. Relative Docket Congestion in the Competing Forums*

   Another factor to consider in determining whether transfer is justified is the relative docket congestion in the competing forums. *Thermal Techs., Inc. v. Dade Serv. Corp.*, 282 F. Supp. 2d 1373, 1378 (S.D. Fla. 2003). While the Middle District no doubt has a heavy case load, the Southern District of Florida has one of the busiest dockets in the county. *Id*. This district's case load favors transfer.

    *x. Each Forum's Familiarity With the Governing Law*

   Because Subaru seeks transfer from one Florida federal court to another, this factor is not at issue. The Southern District and Middle District are equally capable of applying whatever substantive law governs the case. This is a non-factor.

## III. CONCLUSION

   For the foregoing reasons, pursuant to 28 U.S.C. § 1404(a), it is ordered and adjudged that this case is transferred to the United States District for the Middle District of Florida, Tampa Division. The Clerk of Court is instructed to close this case. All pending motions, if any, are denied as moot.

   Done and ordered in Chambers at Miami, Florida, this 31st day of December, 2015.


                _____

                K. MICHAEL MOORE
                CHIEF UNITED STATES DISTRICT JUDGE


cc:  Counsel of record