UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

AMALIA H. MORRISSEY and GEORGE E. MORRISSEY,

Plaintiffs,

v. Case No: 8:16-cv-48-T-27UAM

SUBARU OF AMERICA, INC. and FUJI HEAVY INDUSTRIES, LTD.,

Defendants.
_______________________________________/

**ORDER ON JOINT MOTION TO DISPENSE WITH THE REQUIREMENT TO SERVE RULE 26(a)(2)(B) EXPERT REPORTS AND FOR ENTRY OF EXPERT DISCLOSURE AND DEPOSITION SCHEDULE**

THIS MATTER is before the Court on the parties' Joint Motion to Dispense with the Requirement to Serve Rule 26(a)(2)(B) Expert Reports and for Entry of Expert Disclosure and Deposition Schedule ("Joint Motion"). (Dkt. 86.) In the Joint Motion, the parties agreed to dispense with the requirement of serving expert reports, under Federal Rule of Civil Procedure 26(a)(2)(B), and instead have agreed to exchange expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) "for efficiency and case development purposes" after "thoughtfully consider[ing] the best approach to expert discovery in this case." (Dkt. 86.) The Court held a hearing on the Joint Motion on May 24, 2016. Upon consideration and for the reasons stated at the hearing and below, the Joint Motion is granted.

**APPLICABLE STANDARDS**

"Unless otherwise stipulated or ordered by the court," witnesses who are retained specifically to provide expert testimony must provide a signed report. Fed. R. Civ. P. 26(a)(2)(B). Such expert reports must contain (1) "a complete statement of all opinions the witness will express

and the basis and reasons for them," (2) "the facts or data considered by the witness in forming them," (3) "any exhibits that will be used to summarize or support them," (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years," (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition," and (6) "a statement of the compensation to be paid for the study and testimony in the case." Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi).

For witnesses who are not required to provide a written report, parties must disclose (1) "the subject matter on which the witness is expected to present evidence" and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C).

**ANALYSIS**

Federal Rule of Civil Procedure 26(a)(2)(B) permits parties to enter stipulations regarding the requirement of serving reports for experts retained specifically to provide expert testimony. In the Joint Motion, the parties request approval of their stipulation and agreement to exchange expert witness disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) instead of serving written reports pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). At the hearing on the Joint Motion, the parties further agreed that, at the time of exchanging their Rule 26(a)(2)(C) expert disclosures, the parties shall also exchange:

1. A list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

2. The file, including exhibits, upon which the expert(s) relied in the parties' preparation of their Rule 26(a)(2)(C) expert disclosures.

As to the exchange of exhibits upon which their experts rely, the parties further agreed to supplement and provide the exhibits and file of the expert being deposed seven days prior to that expert's deposition. *See* Fed. R. Civ. P. 16, 26(a)(2)(E) and (e); M.D. Fla. Local R. 3.06.

Here, the parties have agreed to exchange expert disclosures and have proposed a detailed schedule for expert disclosures and depositions that will not interfere with the deadlines set in the Court's Case Management and Scheduling Order (Dkt. 83). Specifically, the parties request approval of an expert disclosure and deposition schedule that will conclude before the April 6, 2017 close of discovery and the May 4, 2017 deadline for dispositive and *Daubert* motions. (Dkt. 86.) The parties agree that their stipulation will streamline expert discovery in this case and help prepare this case for trial. Given the parties' agreement and good cause shown in the Joint Motion and at the hearing, it is

**ORDERED**:

1. The Joint Motion to Dispense with the Requirement to Serve Rule 26(a)(2)(B) Expert Reports and for Entry of Expert Disclosure and Deposition Schedule (Dkt. 86) is **GRANTED**.

2. No later than July 18, 2016, Plaintiffs shall disclose their expert witnesses on liability and damages in compliance with Rule 26(a)(2)(C) and exchange (1) a list of all other cases in which, during the previous four years, the witnesses testified as an expert at trial or by deposition and (2) the file, including exhibits, upon which the expert(s) relied in the Plaintiffs' preparation of their Rule 26(a)(2)(C) expert disclosures.

3. No later than September 23, 2016, Defendants shall disclose their expert witnesses on liability and damages in compliance with Rule 26(a)(2)(C) and exchange (1) a list of all other cases in which, during the previous four years, the witnesses testified as an expert at trial or by deposition and (2) the file, including exhibits, upon which the expert(s) relied in the Defendants' preparation of their Rule 26(a)(2)(C) expert disclosures.

4. No later than October 7, 2016, Plaintiffs shall disclose their rebuttal witnesses, if any and if the Court so permits, in compliance with Rule 26(a)(2)(C) and exchange (1) a list of all other cases in which, during the previous four years, the witnesses testified as an expert at trial or by deposition and (2) the file, including exhibits, upon which the expert(s) relied in the Plaintiffs' preparation of their Rule 26(a)(2)(C) expert disclosures.

5. No later than October 21, 2016, Defendants shall disclose their sur-rebuttal witnesses, if any and if the Court so permits, in compliance with Rule 26(a)(2)(C) and exchange (1) a list of all other cases in which, during the previous four years, the witnesses testified as an expert at trial or by deposition and (2) the file, including exhibits, upon which the expert(s) relied in the Defendants' preparation of their Rule 26(a)(2)(C) expert disclosures.

6. Plaintiffs shall make their liability expert witnesses available to Defendants for deposition so that the last deposition is completed by November 18, 2016. No later than seven days in advance of any scheduled deposition, Plaintiffs shall send Defendants any such expert's file, including the exhibits the Plaintiffs intend to rely upon at the deposition or trial.

7. Plaintiffs shall make their medical and damages expert witnesses available to Defendants for deposition so that the depositions are completed by January 14, 2017. No later than seven days in advance of any scheduled deposition, Plaintiffs shall send Defendants any such expert's file, including the exhibits the Plaintiffs intend to rely upon at the deposition or trial.

8. Defendants shall make their liability expert witnesses available to Plaintiffs for deposition so that all such depositions are completed by February 28, 2017. No later than seven days in advance of any scheduled deposition, Defendants shall send Plaintiffs any such expert's file, including the exhibits the Defendants intend to rely upon at the deposition or trial.

9. Plaintiffs shall make their rebuttal expert witnesses, if any, available to Defendants for deposition so that all such depositions are completed by March 18, 2017. No later than seven days in advance of any scheduled deposition, Plaintiffs shall send Defendants any such expert's file, including the exhibits the Plaintiffs intend to rely upon at the deposition or trial.

10. Defendants shall make their sur-rebuttal expert witnesses, if any, available to Plaintiffs for deposition so that all such depositions are completed by April 1, 2017. No later than seven days in advance of any scheduled deposition, Defendants shall send Plaintiffs any such expert's file, including the exhibits the Defendants intend to rely upon at the deposition or trial.

11. The parties must supplement, as necessary, their exchange of the exhibits upon which their experts rely in accordance with Federal Rules of Civil Procedure 16, 26(e), and 26(a)(2)(E) and Middle District of Florida Local Rule 3.06.

12. No more than two expert witness depositions may be taken in one week and expert depositions shall not exceed twelve hours of actual testimony.

**DONE** and **ORDERED** in Tampa, Florida on May 25, 2016.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record